Filed 3/23/16  P. v. O'Day CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041099 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC116051) |
| v. | |
| JAMES ALLEN O'DAY, | |
| Defendant and Appellant. | |

Appellant James Allen O'Day challenges an order extending his commitment under Penal Code section 1026.5, after being found not guilty by reason of insanity. He contends that the trial court erred by failing to obtain a personal waiver of the right to a jury in the commitment proceeding. After the opening brief was filed, but before the respondent filed its brief, the California Supreme Court's decided *People v. Tran* (2015) 61 Cal.4th 1160 (*Tran*) which found that personal knowing waivers of the right to jury trial were required in recommitment proceedings, unless there was substantial evidence that appellant lacked the capacity to waive that right.  In light of *Tran*, respondent concedes that the case is properly returned to the trial court for further proceedings.  We agree that the case should be remanded to the trial court, therefore, we will reverse and remand for further proceedings consistent with *Tran*.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, appellant approached a woman on the street and asked for a dollar. When the woman refused, appellant became angry and slammed her to the ground, causing a three-inch hematoma on the back of her head. Appellant was found not guilty by reason of insanity of assault likely to cause great bodily injury, with an allegation that appellant personally inflicted great bodily injury. (Pen. Code, §§ 245, subd. (a)(1), 12022.7, subd. (a).) He was committed to Atascadero State Hospital, and was subsequently transferred to Napa State Hospital, where he has resided ever since.

On December 31, 2013, the Santa Clara County District Attorney filed a petition to extend appellant's commitment for two years. (Pen. Code, § 1026.5, subd. (b).) On January 31, 2014, appellant's attorney advised the trial court that appellant was not present and waived appellant's presence. Counsel further advised the court that appellant had informed him the day before that he wished to waive his right to a jury trial, and proceed by way of court trial. Nothing in the record reflects any advisement given to defendant by the court of the right to a jury trial, and there is no evidence that defendant personally and knowingly waived his jury trial right, or that he lacked the capacity to do so. The trial court held a bench trial on May 22, 2014.[1] On the same date, the court found the petition true and ordered appellant's commitment extended for two years. Appellant filed a timely notice of appeal on June 6, 2014.

## DISCUSSION

On appeal, appellant contends that the order extending his commitment must be reversed because the trial court failed of to advise appellant of his right to a jury trial and failed to obtain an express personal waiver. Because of the Supreme Court's recent decisions in *People v. Blackburn* (2015) 61 Cal.4th 1113 (*Blackburn*) and *Tran*, *supra*, 61

---

[1] Because we reverse this case on procedural grounds and remand this case for further findings, we need not address the substantive sufficiency of the recommitment petition or findings. Therefore, those facts have not been enumerated in this decision.

Cal.4th 1160, respondent agrees that the case should be returned to the trial court for further proceedings.

In *Blackburn*, the California Supreme Court, granted review of a case from this court where appellant was ordered recommitted under the Mentally Disturbed Offender (MDO) statutory scheme (Pen. Code, §§ 2960 et seq), but where counsel waived the statutory right to jury trial on behalf of the appellant. In reviewing the nature of this statutory right, the court concluded that the decision to waive the right to a jury trial "belongs to the defendant in the first instance." (*Blackburn* 61 Cal.4th at 1127.) The court found that a trial court must elicit a "waiver decision from the defendant in a court proceeding *unless* it finds substantial evidence of incompetence, in which case counsel controls the waiver decision." (*Id at* p. 1131, emphasis added.) The court went on to hold that "A trial court's acceptance of counsel's waiver without an *explicit* finding of substantial evidence that the defendant lacked the capacity to make a knowing and voluntary waiver," may only be deemed harmless where "the record *affirmatively* shows that there was substantial evidence that the defendant lacked that capacity at the time of counsel's waiver." (*Id at* pp. 1136-1137, emphasis added.) Similarly, the court held that, "a trial court's failure to properly advise an MDO defendant of the right to a jury trial does not by itself warrant automatic reversal. Instead, a trial court's acceptance of a defendant's personal waiver without an express advisement may be deemed harmless if the record affirmatively shows, based on the totality of the circumstances, that the defendant's waiver was knowing and voluntary. [Citations.] In both scenarios, the requirement of an *affirmative* showing means that no valid waiver may be presumed from a silent record." (*Id.* at p. 1136.) In so holding, the court rejected the rule previously set forth that counsel controls the decision to waive a jury trial in an MDO commitment proceeding. (*Id.* at p. 1137.)

Because the record in *Blackburn* was silent regarding whether Blackburn knowingly and voluntarily waived his right to a jury trial, the court declined to infer from

3

the circumstances that it was knowing or voluntary. (*Blackburn,* supra. 61 Cal.4th at p. 1130.) Instead, the court remanded the case to the Court of Appeal "with directions to remand to the trial court so that the district attorney may submit evidence, if any, that Blackburn personally made a knowing and voluntary waiver or that he lacked the capacity to make a knowing and voluntary waiver at the time of counsel's waiver." The court held that "If the trial court finds by a preponderance of the evidence that Blackburn made a knowing and voluntary waiver, or if it finds substantial evidence that he lacked that capacity at the time of counsel's waiver, then the court shall reinstate the extension order." (*Id.* at p. 1137.)

In *Tran*, the court expanded its reasoning in *Blackburn* to the nearly identical statutory scheme for extending the involuntary commitment of a person originally found not guilty by reason of insanity (NGI) of a criminal offense. (*Tran, supra.* 61 Cal.4th at p. 1163.) The court explained that remand for further proceedings is appropriate in all cases presently on direct appeal where the record does not reveal whether an NGI defendant personally waived his or her right to a jury trial or whether there was substantial evidence that the defendant lacked the capacity to make a knowing and voluntary waiver at the time of counsel's waiver. (*Id.* at p. 1170.) The record here shows only that counsel waived the right to jury trial on the appellant's behalf. There is no evidence that the waiver was knowing and voluntary or that appellant lacked the capacity to make such a waiver. Therefore, we must remand this case to the trial court so that the district attorney may submit evidence, if any, that appellant personally made a knowing and voluntary waiver or that he lacked the capacity to make a knowing and voluntary waiver at the time of counsel's waiver. If the trial court finds by a preponderance of the evidence that appellant made a knowing and voluntary waiver, or if it finds substantial evidence that appellant lacked the capacity to make a knowing and voluntary waiver at the time of counsel's waiver, then the court shall reinstate the extension order.

4

**DISPOSITION**

The order of recommitment is reversed.  The matter is remanded to the trial court for further proceedings consistent with opinion and with *Tran, supra,* 61 Cal.4th 1160.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

*People v. O'Day*
**H041099**

6